I hereby attest and certify on 4/10/12
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK          1196

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BRUCE KUNHART,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN GUITERREZ,<br><br>　　　　　Respondent. | NO. CV 11-8734-DOC (MAN)<br><br>ORDER TRANSFERRING CASE TO<br>DISTRICT OF NEVADA |

On October 21, 2011, Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution in Adelanto, California, filed a habeas petition in this district pursuant to 28 U.S.C. § 2241 ("Petition").  The Petition seeks habeas relief with respect to Petitioner's conviction sustained in the United States District Court for the District of Nevada (the "Conviction Court") in Case No. 04-CR-00494-RLH (the "Conviction").[1]

_____

[1]    The information regarding the Conviction and the procedural background set forth herein is based on information publically available through WESTLAW and the PACER system.   Specifically, pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the electronic records, dockets, and case decisions available through the PACER system and/or WESTLAW for the Conviction Court and the United States Court of Appeals for the Ninth Circuit.

1

**BACKGROUND**

2

3     On March 5, 2001, in the Conviction Court, Petitioner pled guilty

4 to multiple counts of bank robbery and carjacking in violation of 18

5 U.S.C. §§ 2113(a) and 2119. (*See* Conviction docket entries 65, 66.)  On

6 June 15, 2007, United States District Judge Roger L. Hunt of the

7 Conviction Court held a sentencing hearing and sentenced Petitioner to

8 concurrent 188 and 180 month terms to be followed by a three year term

9 of supervised release. On June 22, 2007, the Judgment was filed. (*See*

10 Conviction docket entries 72-73.)

11

12     Petitioner did not appeal the Conviction and/or the sentence

13 imposed. (Conviction docket, *passim*; Petition at 2-3.) He also did not

14 file a 28 U.S.C. § 2255 motion with respect to the Conviction and/or the

15 sentence imposed.  (*Id.*)

16

17     Three and a half years after he was sentenced, on December 20,

18 2010, Petitioner filed a motion for reduction of sentence in the

19 Conviction Court (the "Sentence Motion"). The Sentence Motion alleged

20 the same claims asserted in the instant Petition.[2]  (*See* Conviction

21 docket entry 74.)  On January 6, 2011, the Conviction Court denied the

22 Sentence Motion based on the following three reasons:

23

24     ────────────

[2]     In brief, through two grounds, Petitioner claims that the
25 trial court erred in accepting his guilty plea as to the carjacking
charges and in enhancing his sentence based on the carjackings, because
26 Petitioner lacked the requisite intent to commit the crime of
carjacking. Although Petitioner asserts vigorously that his claims rest
27 on "newly discovered evidence," in fact, the Petition makes plain that
Petitioner's claims rest solely on the trial record and his
28 interpretation of a statutory amendment and case law that predate his
Conviction.

2

1   First, Rule 35 allows a court to correct a sentence within 14
2   days of sentencing and this motion was filed more than three
3   years   after   sentencing.      Therefore,   the   motion   is
4   exceptionally late.   Second, even if the motion was timely
5   filed, [Petitioner] presents no evidence - other than his own
6   interpretation of the law - that would demonstrate clear error
7   by the Court.   Third, the issues [Petitioner] raises in this
8   motion are issues which are properly addressed on appeal, not
9   in a motion for a sentence reduction.   However, [Petitioner]
10  waived his right to appeal in the plea agreement, and any
11  appeal would be untimely.   (Dkt. # 65, Plea Agreement, March
12  5, 2007, 6:16-23).

13

14  United States v. Kunhart, 2011 WL 52553, at *1 (D. Nev. Jan. 6, 2011).
15  On July 7, 2011, in Case No. 11-10027, the Ninth Circuit affirmed the
16  Conviction Court's January 6, 2011 decision, finding that "[a] review of
17  the record and the opening brief indicates that the questions raised in
18  this appeal are so insubstantial as not to require further argument."

19

20                              **DISCUSSION**

21

22       A motion under 28 U.S.C. § 2255 ("Section 2255") generally is the
23  exclusive post-appeal mechanism by which a federal prisoner may
24  challenge the *legality* of his conviction or sentence.   *See* Muth v.
25  Fondren, ___ F.3d ___, 2012 WL 1090079, at *1 (9th Cir. April 3, 2012);
26  Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008); Stephens v.
27  Herrera, 464 F.3d 895, 897 (9th Cir. 2006).   A 28 U.S.C. § 2241
28  ("Section 2241") habeas petition may be filed by a federal prisoner to

1   attack the "execution of his sentence," but not to attack its validity.
2   White v. Lambert, 370 F.3d 1002, 1009 (9th Cir. 2004); Hernandez v.
3   Campbell, 204 F.3d 861, 864 (9th Cir. 2000)(same); see also Porter v.
4   Adams, 244 F.3d 1006, 1007 (9th Cir. 2001)(noting that Section 2241 is
5   available only to challenge the manner of execution of a prisoner's
6   federal sentence, not its legality).
7
8      There is "one exception" to the generally exclusive nature of the
9   Section 2255 remedy for federal prisoners who wish to challenge the
10   validity of their convictions and/or sentences. Stephens, 464 F.3d at
11   897.  Section 2255 contains what is often called a "savings clause" or
12   "escape hatch," which allows a federal prisoner to seek Section 2241
13   relief when a Section 2255 motion is "inadequate or ineffective to test
14   the legality of his detention." See id.; see also Muth, 2012 WL
15   1090079, at *1; Harrison, 519 F.3d at 956.  A finding that Section 2255
16   is an inadequate or ineffective remedy constitutes "a narrow exception"
17   to the rule that Section 2255 provides a federal prisoner's exclusive
18   remedy for challenging a conviction and sentence.  United States v.
19   Pirro, 104 F.3d 297, 299 (9th Cir. 1997); see also Ivy v. Pontesso, 328
20   F.3d 1057, 1069 (9th Cir. 2003).  The petitioner bears the burden of
21   proving the inadequacy or ineffectiveness of the Section 2255 remedy.
22   See Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).
23
24      The distinction between Section 2255 motions and Section 2241
25   petitions goes not only to the type of relief available and certain
26   applicable procedural limitations but also carries a jurisdictional
27   component.  Section 2255 motions must be heard in the federal district
28   in which the prisoner was convicted and sentenced, while Section 2241

1  petitions must be heard in the federal district in which the prisoner is
2  confined.  See Muth, 2012 WL 1090079, at *2; Hernandez, 204 F.3d at 864-
3  65.    In view of this rule, a district court faced with a federal
4  prisoner's Section 2241 challenge to the legality of his conviction
5  and/or sentence must first decide, "before proceeding to any other
6  issue," whether the relief requested may be sought under Section 2241.
7  Id. at 865; see also FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231,
8  110  S.  Ct.  596,  607  (1990)(federal courts are always "under an
9  independent obligation to examine their own jurisdiction"); Muth, 2012
10  WL 1090079, at *2 ("Before proceeding to the merits of a § 2241 petition
11  ostensibly brought pursuant to the 'escape hatch' of § 2255, a district
12  court must resolve the threshold question whether a petition was
13  properly brought under § 2241 or whether the filing should instead be
14  construed as a § 2255 motion.").

16      Accordingly, this Court must determine whether Petitioner may
17  pursue Section 2241 relief in this district based on his above-noted
18  claims, which attack a conviction and sentence imposed in another
19  district, or whether the Petition seeks relief available only under
20  Section 2255.

22      Section 2255 provides that:

24      An application for a writ of habeas corpus in behalf of a
25      prisoner who is authorized to apply for relief by motion
26      pursuant to this section, shall not be entertained if it
27      appears that the applicant has failed to apply for relief, by
28      motion, to the court which sentenced him, or that such court

1    has denied him relief, unless it also appears that the remedy

2    by motion *is inadequate or ineffective to test the legality of*

3    *his detention.*

4

5  28 U.S.C. § 2255(e) (emphasis added).

6

7       The Ninth Circuit has construed the "inadequate or ineffective"

8  language narrowly and made clear that it does not serve as a mechanism

9  for either circumventing the procedural limitations on Section 2255

10  motions or for obtaining a second shot at a claim already denied on the

11  merits. *See, e.g.*, <u>Ivy</u>, 328 F.3d at 1059; <u>Lorentsen v. Hood</u>, 223 F.3d

12  950, 953 (9th Cir. 2000). The Ninth Circuit has concluded that the

13  Section 2255 remedy qualifies as inadequate or ineffective only "'when

14  a petitioner (1) makes a claim of actual innocence, and (2) has not had

15  an unobstructed procedural shot at presenting that claim.'" <u>Harrison</u>,

16  519 F.3d at 959 (citation omitted); *see also* <u>Muth</u>, 2012 WL 1090079, at

17  *3. To establish actual innocence within the meaning of this exception,

18  a petitioner must show, by a preponderance of the evidence, "'that, in

19  light of all the evidence, it is more likely than not that no reasonable

20  juror would have convicted him.'" <u>Stephens</u>, 464 F.3d at 898 (citation

21  omitted); <u>Ivy</u>, 328 F.3d at 1060; <u>Lorentsen</u>, 223 F.3d at 954. Factual

22  innocence, not legal insufficiency, is required. *Id.* The absence of

23  "an unobstructed procedural shot" element of this exception requires

24  proof that the petitioner never had an opportunity to raise the claim of

25  actual innocence on appeal or in a Section 2255 motion. <u>Harrison</u>, 519

26  F.3d at 960. To satisfy this requirement, a court must determine "'(1)

27  whether the legal basis for petitioner's claim did not arise until after

28  he had exhausted his direct appeal and first § 2255 motion; and (2)

1  whether the law changed in any way relevant to petitioner's claim after
2  that first § 2255 motion.'"   *Id.* (citation omitted).

3

4      The claims alleged in the Petition directly challenge the validity
5  of Petitioner's Conviction and his sentence to the extent they rest
6  and/or were enhanced by the carjacking charges to which Petitioner pled
7  guilty.   In short, this is not a case in which a federal prisoner is
8  challenging only the execution of his sentence, and therefore, Section
9  2241 presumptively applies.   Because Petitioner is challenging the
10 validity of his Conviction and sentence, Section 2241 jurisdiction does
11 not exist in this case unless Petitioner has met his burden of showing
12 that Section 2255's savings clause applies and/or that Section 2241
13 otherwise applies.   Petitioner does not contend that Section 2255 is
14 inadequate or ineffective in his case; indeed, he makes no mention of
15 the Section 2255 remedy.   Even if he had done so, however, it is plain
16 that the Petition is a disguised Section 2255 motion and cannot be
17 considered pursuant to Section 2241.

18

19     Petitioner alleges that he is "innocent" of his carjacking
20 convictions, because he lacked the requisite intent for the charged
21 crime.   (Petition at 3 and attached memorandum at 3-7.)   While it seems
22 unlikely that Petitioner's assertion suffices to meet the first, "actual
23 innocence" prong of the Ninth Circuit's above-described, two-prong test,
24 the Court need not resolve this issue, because it is plain that
25 Petitioner does not, and cannot, satisfy the second, lack of "an
26 unobstructed procedural shot" prong of the test.   Petitioner actually
27 *did* present his present claims to the Conviction Court through the
28 Sentence Motion.   While the Conviction Court found them to have been

7

1  raised in a procedurally improper manner, it also expressly denied them
2  on their merits after concluding that Petitioner's asserted "evidence"
3  -- *i.e.,* the same factual and legal arguments he makes here -- did not
4  demonstrate any error in connection with his conviction for carjacking
5  and enhanced sentence.  The Ninth Circuit affirmed that decision.

7      Petitioner does not, and could not truthfully, allege that he has
8  "never had the opportunity to raise" his claims in the Conviction Court.
9  Ivy, 328 F.3d at 1060 ("it is not enough that the petitioner is
10 presently barred from raising his claim of innocence by motion under §
11 2255.  He must never have had the opportunity to raise it by motion.").
12 Moreover, and critically, the legal and factual basis for Petitioner's
13 claims existed as of the time he was convicted and sentenced; they do
14 not rest on any change in the law.  *See id.* at 1061 (when the legal
15 basis for a claim was clear at the time of trial and direct appeal, but
16 the petitioner failed to pursue the claim until after his direct appeal
17 and the denial of his first Section 2255 motion, he had not been denied
18 an "unobstructed procedural shot" for purposes of his attempt to raise
19 his claim through a Section 2241 habeas petition, and dismissal for lack
20 of jurisdiction was appropriate).

22     Petitioner, thus, has had an unobstructed "procedural shot" at
23 raising the claims alleged in the Petition in the correct venue -- the
24 Conviction Court -- but he failed to prevail.  Accordingly, no basis for
25 invoking the Section 2255 escape hatch exists here, and Section 2241
26 jurisdiction is absent.

28     The Petition, therefore, must be construed as a Section 2255

8

1   motion.   Petitioner is likely barred from pursuing Section 2255 relief

2   due to the untimeliness of the Petition.   That possibility, however, is

3   not a reason to manufacture Section 2241 jurisdiction that does not

4   exist and does not preclude the Court from properly interpreting the

5   Petition to seek relief cognizable, if at all, only under Section 2255.

6   See Stephens, 464 F.3d at 897 ("restrictions on the availability of a §

7   2255 motion cannot be avoided through a petition under 28 U.S.C. §

8   2241").[3]

9

10       When a disguised Section 2255 motion has been filed in a district

11   other than that of conviction, it may be transferred it to the district

12   of conviction.   Muth, 2012 WL 1090079, at *2.   28 U.S.C. § 1631 governs

13   the transfer of civil actions to cure jurisdictional defects, and

14   transfer is appropriate if three conditions are satisfied:   (1) the

15   transferring court lacks jurisdiction; (2) the transferee court could

16   have exercised jurisdiction at the time the action was filed; and (3)

17   the transfer is in the interest of justice. See Cruz-Aguilera v. INS,

18   245 F.3d 1070, 1074 (9th Cir. 2001).   The first condition plainly is

19   satisfied here, and the Conviction Court is the only jurisdiction that

20   can consider Petitioner's Section 2255 motion.   Of course, it is up to

21   the Conviction Court to determine whether it wishes to and/or

22   appropriately may consider Petitioner's claims under Section 2255 or

23

24       [3]    See also, e.g., Cradle v. United States, 290 F.3d 536, 538-39
25   (3d Cir. 2002)(holding that, where petitioner failed to raise a claim --
     that the district court lacked jurisdiction to sentence him -- on direct
26   appeal or through Section 2255 motion, no Section 2241 jurisdiction
     existed over the claim, even though Section 2255 relief was unavailable
27   for procedural reasons); Wofford v. Scott, 177 F.3d at 1245 (11th Cir.
     1999)(observing that decisions addressing "the meaning of the savings
28   clause agree that it does not exist to free a prisoner of the effects of
     his failure to raise an available claim earlier").

1  whether they are barred for untimeliness or other reason.  Given the

2  circumstances  present  here,  the  transfer  of  this  action  to  the

3  Conviction  Court  furthers  the  interest  of  justice  by  allowing  the

4  District of Utah to make that decision.  Thus, transfer is warranted.

5

6      Accordingly,  IT  IS  ORDERED  that  the  Clerk  of  the  Court  shall

7  transfer  this  action  to  the  United  States  District  Court  for  the

8  District of Nevada.

9

10 DATED: April 10, 2012.

11                                        _David O. Carter_

12                                        DAVID O. CARTER
                                          UNITED STATES DISTRICT JUDGE

13 PRESENTED BY:

14

15 _Margaret A. Nagle_

16 MARGARET A. NAGLE
   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28